# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2743EA

_____

| | | |
|---|---|---|
| Eddie B. Austin, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| Dick Busby, Sheriff of Crittenden | * | of Arkansas. |
| County, and Bob Bretherick, Chief | * | |
| Jailer, Crittenden County Sheriff's | * | [Not To Be Published] |
| Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 1, 2001

Filed: June 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
    Circuit Judges.

_____

PER CURIAM.

Eddie Austin appeals pro se from the District Court's[1] order dismissing his complaint brought under 42 U.S.C. § 1983 against the Sheriff and chief jailer of Crittenden County, Arkansas. Mr. Austin claimed that the defendants were deliberately

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

indifferent to his serious medical needs while he was incarcerated at the county jail.[2]

Mr. Austin's amended complaint was filed on July 29, 1998. An evidentiary hearing was held before a United States Magistrate Judge,[3] at which it was established that Mr. Austin was at the county jail from November 13, 1996, to August 13, 1997; from September 30, 1997, to December 17, 1997; and from February 5, 1998, to December 31, 1999. Mr. Austin testified that while at the jail in November 1996, he had a severe toothache and attendant headaches for which he requested medical attention. He testified that despite his continual requests and complaints - he testified that he gave guards as many as 20 medical request slips - he was first seen by a nurse and doctor about three months later and was told to take aspirin. About one month later he saw a dentist, who told him a tooth would have to be removed. He further testified that he gave guards two grievance forms dated December 21, 1996, and January 31, 1997, directed to the chief jailer, complaining about the lack of medical attention, and one grievance form directed to the county sheriff. Mr. Austin introduced as exhibits two carbon copies of grievance forms which he alleged were copies of those he gave the guards directed to the chief jailer.

The jail nurse testified that Mr. Austin's medical records indicated that he first saw her and the jail doctor on April 24, 1997, and was prescribed antibiotics and pain medication for an infected tooth. On May 19, 1997, he was seen again for the tooth-ache, and a dental appointment was set. Sometime thereafter, Mr. Austin's infected tooth was removed. Mr. Austin was also seen by the jail doctor in October 1997 and

---

[2]The District Court also dismissed the Crittenden County Jail as a defendant, and a conditions-of-confinement claim against the sheriff and chief jailer. These rulings are not challenged on appeal.

[3]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

December 1997 for back pain and was given muscle relaxants and pain medication. The nurse testified that prisoner request slips for medical care are routinely turned in to her by the guards, and that after receiving one, or maybe two, from a prisoner, she responds. She did not recall receiving multiple slips from Mr. Austin. The chief jailer testified that there was no record of any grievances from Mr. Austin, and that he was the person who would receive them, rather than the Sheriff.

The Magistrate Judge entered proposed findings of fact, finding that Mr. Austin had not shown that either defendant was aware of a serious medical need, and that the plaintiff was treated for all of his medical problems. The Magistrate Judge recommended that the case be dismissed. Mr. Austin objected to the Magistrate Judge's findings. Upon de novo review, the District Court adopted the Magistrate Judge's findings and recommendation and dismissed the complaint. On appeal, the plaintiff argues that the District Court erred in granting defendants summary judgment because there were genuine issues of material fact.

This case was not decided on summary judgment. Rather, the procedure authorized in 28 U.S.C. § 636(b)(1)(B) was followed. See Branch v. Martin, 886 F.2d 1043, 1045 n.1 (8th Cir. 1989) (prisoner § 1983 action claiming denial of medical care may be referred to a magistrate judge for proposed findings of fact and recommended disposition under 28 U.S.C. § 636). The District Court reviewed the Magistrate Judge's findings of fact de novo, as required, and adopted them. Upon review of the record, including the tape of the evidentiary hearing, we conclude that the District Court's findings are not clearly erroneous.

Accordingly, we affirm.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.